UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAMONE LAUDERDALE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00486-JMS-MJD |
| ) | |
| KEITH HARTZELL, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Summary Judgment,
Dismissing Claims Without Prejudice, and
Directing Entry of Final Judgment**

Plaintiff Lamone Lauderdale-El brought this 42 U.S.C. § 1983 action alleging that dozens of defendants violated his constitutional rights at various Indiana Department of Correction facilities. The Court screened his amended complaint and dismissed nearly all of his claims but allowed two claims against Deputy Warden Keith Hartzell to proceed. Dkt. 25. Deputy Warden Hartzell has moved for summary judgment on the grounds that Mr. Lauderdale-El failed to exhaust available administrative remedies before filing suit. Mr. Lauderdale-El did not respond, and the response deadline has passed. As explained below, the motion for summary judgment, dkt. [33], is **granted**, Mr. Lauderdale-El's remaining claims are **dismissed without prejudice**, and final judgment shall now enter.

### I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Because Mr. Lauderdale-El did not respond to the motion for summary judgment, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment).

## II.     Undisputed Facts

As relevant here, Mr. Lauderdale-El alleges that Deputy Warden Hartzell retaliated against him for filing a grievance and denied him access to a prison program based on his sexual orientation. These types of complaints are covered by the Indiana Department of Correction's offender grievance process. Dkt. 33-1, ¶¶ 10−11 (Chris Williams declaration). But Mr. Lauderdale-El did not file any grievances about these complaints. *Id.*, ¶¶ 13−14.

## III.    Discussion

"No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[This] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90−91 (2006)). Because exhaustion is an affirmative defense, Deputy Warden Hartzell must show that administrative remedies were available and that Mr. Lauderdale-El failed to use them. *Id.*

Deputy Warden Hartzell has presented undisputed evidence that the grievance process was available to Mr. Lauderdale-El and that he did not complete the grievance process with regard to either of his pending claims. Based on Mr. Lauderdale-El's failure to exhaust available administrative remedies, Deputy Warden Hartzell is entitled to summary judgment. Mr. Lauderdale-El's claims that Deputy Warden Hartzell retaliated against him for filing a grievance and denied him access to a prison program based on his sexual orientation are **dismissed** without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

### IV.   Conclusion

Keith Hartzell's motion for summary judgment, dkt. [33], is **granted**. Mr. Lauderdale-El's remaining claims against Deputy Warden Hartzell are **dismissed without prejudice**. This Order resolves all remaining claims in Mr. Lauderdale-El's amended complaint. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 12/6/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LAMONE LAUDERDALE-EL
2245 Brookside Ave.
Indianapolis, IN 46218

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Peter Andrew Inman
INDIANA ATTORNEY GENERAL
peter.inman@atg.in.gov